# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DAVID FREE,**

        **Petitioner,**

 v.

        Case No. 12-C-711

**BRIAN FOSTER,**

        **Respondent.**

## DECISION AND ORDER

      Pro se Petitioner David Free ("Free") filed a motion requesting additional time to allow preparation of a response to the Answer by Robert R. Henak, ("Henak"), the attorney who represented Free in the underlying state court proceedings and who is willing to represent him in this action but cannot due so *pro bono*. The request is granted.

      Free also requests that the Court review his prior motion for appointment of counsel requesting that Henak be appointed to represent him in this action. Not only is Henak willing to represent Free, but Henak also contacted three attorneys, experienced in federal habeas corpus proceedings in an effort to find an attorney to represent Free in this action. (Henak Aff. ¶ 4) None of those attorneys is able to provide *pro bono* representation to Free. Free's July 12, 2012, motion for leave to proceed *in forma pauperis* in this action and his

prison trust fund statement establish that he is unable to pay the cost of retaining counsel to represent him in this action. (ECF Nos. 4 & 5.)

There is no right to counsel in a federal habeas corpus proceeding. *Wright v. West*, 505 U.S. 277, 293 (1992); *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007). If a petitioner qualifies under 18 U.S.C. § 3006A(b), counsel shall be appointed, if necessary, for effective utilization of discovery procedures, if an evidentiary hearing is required, or if the interests of justice so require. *See* Rules 6(a) & 8(c), Rules Governing Section 2254 Cases in the United States District Courts. Counsel is traditionally appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if the interests of justice require. *See Martel v. Clair*, ___ U.S.___ , ___ , 132 S.Ct. 1276, 1285 (2012) (noting "interests of justice" standard is applied for appointment of counsel for non-capital petitioners); Rule 8(c), Rules Governing Section 2254 Cases.

Henak made special efforts to recruit counsel to represent Free. Henak's unusual efforts to obtain counsel to represent Free is impressive and persuades the Court that it is in the interests of justice to appoint counsel to represent Free pursuant to 18 U.S.C. § 3006A. Furthermore, given Henak's familiarity with the underlying case, the Court requests that Henak be appointed to represent Free in this action.

2

NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY **ORDERED THAT**:

Free's motions for appointment of counsel and an extension of time to file a response to the Answer (ECF Nos. 2 & 12) are **GRANTED**;

Pursuant to 18 U.S.C. § 3006A**, COUNSEL IS APPOINTED** to represent Free in this action;

The Court **REQUESTS** that the Federal Defender Services of Wisconsin, Inc., designate Robert R. Henak as court-appointed counsel for Free; and,

Any response to the Answer **may be filed no later than November 2, 2012.**

Dated at Milwaukee, Wisconsin this 5th day of October, 2012.

**BY THE COURT**

_____
**Hon. Rudolph T. Randa
U.S. District Judge**